IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | <u>COMPLAINT</u> |
| | ) ) | <u>JURY TRIAL DEMAND</u> |
| RACE, LLC, | ) ) | |
| Defendant. | ) | |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Courtney Britton and other African American employees who RACE, LLC subjected to racial harassment, different terms and conditions of employment than White employees, assignment to less desirable and more dangerous work assignments than White employees, and paying them less than White employees who passed the Advanced Radiation Worker (ARW) test and did ARW work, all because of their race. In addition, the Commission alleges that RACE, LLC suspended, and then laid off Courtney Britton in retaliation for opposing unlawful discrimination.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (hereinafter "the Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f) (1) and (3).

4. At all relevant times, Defendant, RACE, LLC (hereinafter "Defendant Employer), a Tennessee corporation, was doing business in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Courtney Britton filed a charge with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately May, 2005, Defendant Employer has

engaged in unlawful employment practices at its facility in Memphis, Tennessee in violation of §§703(a) and 704(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). The unlawful practices included discriminating against Courtney Britton and other African American employees because of their race by subjecting them to racial harassment, different terms and conditions of employment than White employees, assignment to less desirable and more dangerous work assignments than White employees, and paying them less than White employees who had passed the Advanced Radiation Worker (ARW) test and did ARW work. The unlawful practices also included discriminating against Courtney Britton, because he opposed practices made unlawful by Title VII, by suspending him and then laying him off.

8. Defendant Employer provides low-level radioactive waste processing and support services to radioactive waste generators.

9. Courtney Britton is an African American man who was hired by Defendant Employer as a Processing Technician in the Shop Area on or about April 25, 2004. His work involved disposing of radioactive waste.

10. Mr. Britton's Supervisor, Robert Beasley, is Caucasian.

11. Courtney Britton alleges that Robert Beasley subjected him and other African American employees to frequent racial comments and derogatory slurs. The comments and slurs included referring to the African American employees during every shift as "boys." Mr. Beasley would say, for example, "boys, its time to start the slave camp."

12. In addition, Courtney Britton and other African American employees allege that Robert Beasley also frequently called the African American employees, who were

primarily males, "bitches and whores."

13. Courtney Britton and other African American employees also allege that Robert Beasley called them "niggers."

14. This conduct was offensive, unwelcome, and severe or pervasive in nature.

15. Robert Beasley did not make similar comments to Caucasian employees.

16. Courtney Britton and other African American employees complained to Robert Beasley about the derogatory comments and racial slurs.

17. Robert Beasley ignored their complaints, and, when Courtney Britton complained about the comments, Mr. Beasley told Mr. Britton that he "would fire his Black ass."

18. Courtney Britton and other African American employees complained to another supervisor, Stanley Hill, about Robert Beasley's offensive racial comments, but Mr. Hill also failed to take any action in response to the complaints.

19. Approximately June 22, 2005, Courtney Britton submitted a written complaint of discrimination to Defendant Employer's Operations Director.

20. In the complaint, Courtney Britton complained that Robert Beasley had subjected him and other employees to discrimination. Mr. Britton also complained that Mr. Beasley called them "boys, bitches, and whores." Two other African American employees signed the complaint.

21. The day after Defendant Employer received the complaint about discrimination from Courtney Britton, Robert Beasley suspended Mr. Britton for fifteen days without pay.

4

22. The suspension was in retaliation for complaining about race discrimination.

23. Courtney Britton and other African American employees were subjected to different terms and conditions of employment because of their race, including, but not limited to, discriminatory work assignments.

24. Defendant employer placed the majority of the African American employees in the Shop area to work on radioactive waste.

25. Caucasian employees were assigned to other areas of the plant, when possible, to prevent them from being exposed to the radioactive waste.

26. When the African American employees were working on radioactive waste and the dosimeter on their protective clothing sounded an alarm to warn them that the radiation level was high, Defendant Employer required that they hand their dosimeter out of the shop door to Robert Beasley.

27. Courtney Britton and other African American employees allege that Robert Beasley would then reset the alarm and require that they continue working in the Shop on the radioactive waste.  They were not allowed to leave the Shop.

28. Courtney Britton and other African American employees allege that when Caucasian employees were in the Shop working on radioactive waste, and their dosimeter sounded an alarm, they were allowed to leave the Shop.

29. Courtney Britton and other African American employees also allege that Defendant Employer denied them Advanced Radiation Worker (ARW) positions and pay raises.

30. Courtney Britton passed the ARW test in approximately March, 2005, and

more than ten other African American employees also passed the ARW test.

33. Courtney Britton and other African American employees were performing ARW work, but did not receive ARW pay (a $1 per hour pay increase).

32. Robert Beasley discriminatorily denied African American employees the opportunity to demonstrate the required work proficiencies to receive ARW pay, and even after they had demonstrated the proficiencies, Mr. Beasley denied them the one dollar per hour raise.

33. Robert Beasley allowed the Caucasian employees who had passed the ARW test to demonstrate the require work proficiencies, and then gave them the one dollar per hour raise.

34. On approximately September 9, 2005, Courtney Britton was laid off. At the time of his layoff, Defendant Employer retained less qualified employees, and after his layoff, Defendant Employer hired less qualified employees.

35. Defendant Employer laid off Courtney Britton in retaliation for his complaint about discrimination.

36. The effect of the practices complained of above has been to deprive Courtney Britton and other African American employees of equal employment

opportunities and otherwise adversely affect their status as employees because of their race.

37. The unlawful employment practices complained of above were and are intentional.

38. Defendant Employer at all relevant times acted with malice or reckless

indifference to the federally protected rights of Courtney Britton and other African American employees.

## **PRAYER FOR RELIEF**

**THEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that discriminates on the basis of race.

B.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that retaliate against persons who oppose employment practices made unlawful by Title VII.

C.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant Employer to make whole Courtney Britton and other African American employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement.

E.  Order Defendant Employer to make whole Courtney Britton and other African American employees by providing compensation for pecuniary losses, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Courtney Britton and other African American employees by providing compensation for nonpecuniary losses, including emotional pain and suffering, in amounts to be proven at trial.

G. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


s/ Faye A. Williams (by permission CLO)
**FAYE A.WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ Terry Beck (by permission CLO)
**TERRY BECK**
Supervisory Trial Attorney
Tennessee Bar No. 009346


s/ Carson L. Owen
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, Tennessee  38104
Telephone:  (901) 544-0133